**1**

Horace PETERSON, alias Horace Wallace v. STATE. (No. 11076.) Court of Criminal Appeals of Texas. June 22, 1927. Appeal from District Court, Trinity County; Carl T. Harper, Judge. C. H. Crow, of Groveton, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. Upon a charge of murder, appellant was convicted of manslaughter; punishment fixed at confinement in the penitentiary for a period of five years. The indictment appears regular. The record is before this court without statement of facts or bills of exceptions. No fundamental error having been perceived, the judgment is affirmed.

**2**

Perry PRICE v. STATE. (No. 11082.) Court of Criminal Appeals of Texas. June 24, 1927. Appeal from District Court, Grayson County; F. E. Wilcox, Judge. J. P. Cox, of Sherman, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The unlawful possession of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of three years. Upon the written request of the appellant, duly verified by his affidavit, the appeal is ordered dismissed.

**3**

Perry PRICE v. STATE. (No. 11083.) Court of Criminal Appeals of Texas. June 24, 1927. Appeal from District Court, Grayson County; F. E. Wilcox, Judge. J. P. Cox, of Sherman, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The unlawful possession of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year. Upon the written request of the appellant, duly verified by his affidavit, the appeal is ordered dismissed.

**4**

B. B. SANCHEAUX, alias B. B. Sanchon, v. STATE. (No. 11038.) Court of Criminal Appeals of Texas. June 8, 1927. Appeal from Jefferson County Court at Law; C. N. Ellis, Judge. Robert A. Shivers, of Port Arthur, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. Conviction for obstructing public road; punishment a fine of $25. The record is before us without any judgment. For that reason, this court is without jurisdiction, and the appeal must be dismissed; and it is accordingly so ordered.

**5**

W. T. SEALS v. STATE. (No. 10607.) Court of Criminal Appeals of Texas. June 24, 1927. Appeal from District Court, Tom Green County; J. F. Sutton, Judge. Anderson & Mobley, of San Angelo, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The conviction is for receiving and concealing stolen property; punishment fixed at confinement in the penitentiary for a period of two years. Since the filing of his motion for rehearing, appellant has filed a written motion, duly verified by his affidavit, requesting the withdrawal of his motion for rehearing. The request is granted, and it is ordered that the original opinion affirming the case be withdrawn, and that the appeal be dismissd.

**6**

Alice SMITH v. STATE. (No. 11080.) Court of Criminal Appeals of Texas. June 24, 1927. Appeal from District Court, Taylor County; W. R. Ely, Judge. E. W. Wilson and Oliver Cunningham, both of Abilene, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The conviction is for murder; punishment fixed at confinement in the penitentiary for a period of five years. Upon the written request of the appellant, duly verified by her affidavit, the appeal is ordered dismissed.

**7**

Albert WALKER v. STATE. (No. 10909.) Court of Criminal Appeals of Texas. June 1, 1927. Appeal from District Court, Bell County; Lewis H. Jones, Judge. Will Bagby, of Hallettsville, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The conviction is for assault with intent to murder; punishment fixed at confinement in the penitentiary for a period of 15 years. The record is before us without statement of facts or bills of exceptions. The indictment is regular. No fundamental error has been discovered or pointed out. The judgment is affirmed.